UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ARTUR DYSKO, et al.,

                       Plaintiffs,                **REPORT AND**
                                                  **RECOMMENDATION**

       - against -

                                                  09-CV-1068 (KAM) (JO)

MARCIN LACH, et al.,

                       Defendants.
----------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiff Krzysztoff Fiuk ("Fiuk"), along with four co-plaintiffs, has accused defendants Marcin Lach and Modern Wood, LLC of, among other things, failing to pay the wages required under pertinent federal and state laws for the regular and overtime hours he worked as their employee. Docket Entry ("DE") 12 (Amended Complaint). Although Fiuk's co-plaintiffs and adversaries have participated in the exchange of discovery, Fiuk has not, and he has not responded to his own counsel's many attempts to reach him. *See* DE 19; DE 22. In addition, Fiuk has failed to respond to the defendants' motion to compel discovery, despite warnings from me and from the plaintiffs' counsel that such a lapse could result in the dismissal of his claims. I therefore respectfully recommend that the court dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 41(b).

      A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute[.]" Rule 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion).

Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Barahman v. Sullivan*, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

All five factors weigh in favor of dismissal. First, Fiuk has allowed his case to lie "dormant with no significant activity" for several months. *Id.* Second, his inaction has continued even in the face of an explicit warning that such behavior could result in the dismissal of his claims – although I acknowledge that while Fiuk is on constructive notice of the warning I gave at the status conference on January 13, 2010, there is no way to be certain at this point that he has received actual notice of either my warning or his counsel's. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). That presumption is particularly justified in the circumstances here: as a result of good faith participation in discovery, the other parties have reached an

2

agreement to settle all of their claims.  Thus, if Fiuk's failure to participate in the litigation does not result in the dismissal of his claims, the defendants will be forced to incur litigation costs that they would otherwise likely avoid.  Fourth, although the case has not cluttered the court's docket for very long, there is no sign that it will move forward in the future; moreover, Fiuk's right to an opportunity for a day in court has been thoroughly vindicated – notwithstanding the fact that Fiuk has inexplicably squandered that opportunity.  Finally, no lesser sanction than dismissal is likely to be effective in light of Fiuk's failure to respond to my order directing him to take action on pain of possible dismissal and his own counsel's repeated and unsuccessful attempts to reach him.

For the reasons set forth above, I respectfully recommend that the court dismiss all claims asserted by plaintiff Fiuk for failure to prosecute pursuant to Federal Rules of Civil Procedure Rule 41(b).  I direct the plaintiffs' counsel to use his best efforts to provide a copy of this Report and Recommendation to plaintiff Fiuk, and to file a certification attesting to those efforts no later than February 8, 2010.  Any objections to this Report and Recommendation must be filed no later than February 22, 2010.  Failure to file objections within this period waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
January 29, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge